**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY ROCK,<br><br>                    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Civil Action No.: 19-22237 (CCC)<br><br>OPINION |

**CECCHI, District Judge.**

## I.    INTRODUCTION

Before the Court is Plaintiff Anthony Rock's ("Plaintiff") appeal seeking review of a final determination by the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") that Plaintiff was not disabled before March 24, 2015 and is not entitled to disability benefits. ECF No. 1. The issue to be decided is whether the Commissioner's disability determination is supported by substantial evidence. For the reasons set forth below, the decision of Administrative Law Judge Peter R. Lee (the "ALJ") is affirmed.

## II.    BACKGROUND

### A.    Procedural Background

Plaintiff initially applied for disability insurance benefits ("DIB") from the Social Security Administration ("SSA") on April 19, 2013, alleging disability from a workplace injury suffered on October 1, 2011. ECF No. 12 at 1. Plaintiff's application was denied initially and on reconsideration, which led Plaintiff to request a hearing on October 14, 2013. Id. A hearing was held on February 25, 2015 and the ALJ determined that the Plaintiff was not disabled on March

1

24, 2015. Tr. 17–31.[1]  Plaintiff requested review by the Appeals Council of the SSA which was denied on May 3, 2016.  Plaintiff subsequently filed a complaint in the United States District Court for the District of New Jersey, and his case was remanded back to the SSA for further consideration on November 14, 2017.

The ALJ held a hearing on April 18, 2019.  On June 28, 2019, the ALJ denied Plaintiff's claims for DIB again. ECF No. 12 at 2.  On November 8, 2019, the Appeals Council declined to assume jurisdiction of Plaintiff's case, making the ALJ's decision final.  Plaintiff filed the instant appeal on December 31, 2019 and requested to proceed in forma pauperis. ECF Nos. 1, 1-2.

    B.    **Factual Background**

Plaintiff is a 53 year old male with a high school education. Tr. at 503.  Plaintiff worked as a chemical operator until he sustained a work-related injury on October 1, 2011. Tr. 560–61.  Plaintiff also testified that he injured his foot in 1988 in a military accident, after which he was diagnosed with reflex sympathetic dystrophy ("RSD"). Tr. at 41, 574.  Plaintiff has three children and currently lives in his car. Tr. at 574–75.

Plaintiff alleges that he was disabled on March 25, 2015 due to herniated discs in his neck and upper back, frozen shoulder, right hand swelling, lower back bulging discs, right hip pain, RSD, depression, memory loss, and anger management. Tr. at 78; ECF No. 12 at 2.  Plaintiff received significant treatment for his impairments including numerous surgeries, injections, and medications for pain and attention-deficit/hyperactivity disorder ("ADHD"). Tr. at 290–410.  These treatments improved the Plaintiff's range of motion, pain, and temperament over the course of several years. Id.

Despite his impairments, Plaintiff is able to care for his own personal needs such as dressing himself, preparing meals, and performing household chores. Tr. 903–09.  Plaintiff also

---

[1] "Tr." refers to the certified record of the administrative proceedings. ECF No. 8.

goes on walks, drives a car, uses a computer, and manages his finances. Id. The ALJ found that Plaintiff does not have an impairment that meets or medically equals one of the listed impairments under 20 CFR 404.1520(d), 404.1525, and 404.1526. Tr. 484–505. Additionally, the ALJ found that Plaintiff had the requisite residual functional capacity ("RFC") to perform light work and that a significant number of suitable jobs exist in the national economy. Accordingly, the ALJ determined that Plaintiff is not disabled for the purposes of DIB.

## III.  LEGAL STANDARD

### A.  Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla, and is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citations omitted). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *See Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007).

### B. Determining Disability

Pursuant to the SSA, in order to be eligible for benefits, Plaintiff must show he is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Taking into account Plaintiff's age, education, and work experience, disability will be evaluated by Plaintiff's ability to engage in his previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). A person is disabled for these purposes only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Decisions regarding disability will be made individually and will be "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

### C. Sequential Evaluation Process

The Social Security Administration follows a five-step, sequential evaluation to determine whether a plaintiff is disabled within the meaning of the SSA. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the plaintiff is currently engaged in substantial gainful

activity. *See Sykes*, 228 F.3d at 262. Second, if he is not, the ALJ determines whether the plaintiff has an impairment that limits his ability to work. *See id.* Third, if he has such an impairment, the ALJ considers the medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). If it is, this results in a presumption of disability. *See Sykes*, 228 F.3d at 262–63. If the impairment is not in the Listings, the ALJ must determine how much RFC the applicant retains in spite of his impairment. *See id.* at 263. Fourth, the ALJ must consider whether the plaintiff's RFC is enough to perform his past relevant work. *See id.* Fifth, if the plaintiff's RFC is not enough to perform his past relevant work, the ALJ must determine whether there is other work in the national economy that the plaintiff can perform. *See id.*

The evaluation continues through each step unless it is determined at any point that the plaintiff is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The plaintiff bears the burden of proof at steps one, two, and four, and the burden shifts to the Commissioner at step five. *See Sykes*, 228 F.3d at 263. Neither party bears the burden at step three. *See id.* at 263 n.2.

## IV. DISCUSSION

### A. Summary of the ALJ's Findings

At step one, the ALJ found that Plaintiff met the insured status requirements of the SSA and had not engaged in substantial gainful work activity since the onset date of the alleged disability. Tr. at 490. At step two, the ALJ determined that the Plaintiff suffers from the following severe impairments: "degenerative disc disease with radiculopathy; reflex sympathetic dystrophy (RSD); status post-contusion of right hand; status post-sprain of right wrist; status; post-diffuse and partial tears of right shoulder and right elbow; adhesive capsulitis of right shoulder; depressive disorder and attention-deficit hyperactivity disorder (ADHD)." Id.

At step three, the ALJ found that the "severe" conditions listed did not, either individually or in combination, equal the severity of any of the Listings. Id. Specifically, the ALJ found that the specified criteria for Listings 1.02, 1.04, 12.02, and 12.04 were not demonstrated by the available medical evidence. Id. Under Listing 1.02, the ALJ found that the record showed that Plaintiff has severe impairments of the right hand, wrist, shoulder, elbow, and RSD affecting the right foot. Id. at 491. However, these impairments did not result in either an "inability to ambulate effectively" or "inability to perform fine and gross movements effectively," and thus Listing 1.02 was not met. Id. Under Listing 1.04, the ALJ found that Plaintiff's degenerative disc disease, cervical spine, lumbar spine, and back impairments improved with surgery and physical therapy. Id. Because of this, the ALJ found that his impairments do not meet or equal the severity of Listing 1.04. Id. Lastly, under Listings 12.02, 12.04, and 12.11, the ALJ found that Plaintiff's memory loss, ability to interact with others, concentration, ability to adapt, and depression did not meet the "paragraph B" or "paragraph C" criteria necessary to find a disability under these Listings. Id. at 492. Regarding "paragraph B," the ALJ found that the claimant's mental impairments do not cause at least two "marked" limitations or "one" extreme limitation, thus the Listing criteria were not satisfied. Id. at 492–93. For "paragraph C," the ALJ noted that the record does not establish "marginal adjustment," and thus Plaintiff did not satisfy the Listing criteria. Id. at 493.

Next, the ALJ found that Plaintiff had the RFC to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally climb ramps and stairs, but never ladders, ropes or scaffolds; occasionally stoop and crouch; frequently balance; and never crawl." Tr. at 494. Additionally, the ALJ found that Plaintiff "can never be exposed to unprotected heights. . . . can occasionally reach overhead and frequently reach in all other directions, and can perform frequent handling and fingering." Id. Lastly, Plaintiff "can only have occasional contact

with supervisors, coworkers and the public, and he is limited to performing simple and routine tasks." Id.

To reach this conclusion, the ALJ considered Plaintiff's underlying medically determinable physical and mental impairments, which are impairments that can be shown by medically acceptable clinical or laboratory diagnostic techniques and can reasonably be expected to produce Plaintiff's pain and symptoms. Id. The ALJ then evaluated the intensity, persistence, and limiting effects of Plaintiff's symptoms to determine the extent to which they limit Plaintiff's ability to perform work-related activity. Id. Specifically, the ALJ considered Plaintiff's herniated and/or bulging disc(s) in his neck, upper back pain, frozen shoulder, right hand swelling, lower back pain with bulging discs, right hip pain, right foot RSD, depression, and anger management. Id. The ALJ discussed the findings and credibility of Dr. Ramil Bhatnagar, Dr. Rashel Potashnik, Dr. Dyana Aldea, Dr. Stephen Yoder, Dr. Edward Champey, Dr. Vladimir Klebanov, Dr. Richard Goldstein, Dr. David Weiss, and other relevant medical records. Id. at 496–503. The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but that the intensity, persistence, and limiting effects of Plaintiff's impairments were consistent with Plaintiff's ability to do light work. Id. at 503.

At step four, the ALJ found that Plaintiff was not able to return to his past relevant work as a chemical operator. Id. A chemical operator position requires a medium exertional level of work; thus, the ALJ found that Plaintiff is unable to perform the work required. Id.

At step five, however, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and RFC. Id. at 504. Based on testimony from a vocational expert, the ALJ determined that Plaintiff would be able to perform the requirements of occupations such as office

helper, mail sorter, and photocopy machine operator. Id. The vocational expert approximated there are a total of 79,000 such jobs in the national economy. Id. Thus, the ALJ found that the Plaintiff was not disabled. Id. at 505.

**B.     Analysis**

Plaintiff alleges that the ALJ's determination at step three of the sequential evaluation process that the Plaintiff did not establish that his impairments, either singularly or in combination, meet or medically equal the severity of one of the Listings is incorrect because the ALJ improperly evaluated the medical evidence before it. The Court disagrees.

<u>Plaintiff Is Not Disabled Under Listing 1.04(A)</u>

Plaintiff claims that he meets the requirements for disability under Listing 1.04(A) due to his cervical spine and lumbar spine impairments. ECF No. 12 at 35. In his brief, however, Plaintiff merely restates his version of the facts and does not demonstrate that the ALJ failed to rely on substantial evidence when he made his conclusion. Plaintiff does not establish that the ALJ incorrectly relied on certain experts or failed to take into account crucial evidence when making his determination. Plaintiff merely states that he suffers impairments and that they are not resolved. Id. at 37. While it may be the case that Plaintiff's impairments are not completely resolved, there is evidence in the record that shows Plaintiff's recovery, which the ALJ properly considered. The ALJ noted, for instance, an MRI taken January 16, 2013 showed that Plaintiff's disc herniation and stenosis were resolved after Plaintiff underwent a cervical discectomy and fusion procedure in June 2012. Tr. at 500. The ALJ also considered the evidence that Plaintiff proffered for finding a disability under Listing 1.04(A) and specifically rejected it by evaluating the medical evidence in the record. Thus, the ALJ's finding that the Plaintiff was not disabled under Listing 1.04(A) is supported by substantial evidence.

<u>Plaintiff Is Not Disabled Listing 12.04</u>

8

Plaintiff also alleges that the ALJ incorrectly determined that the Plaintiff is not disabled under Listing 12.04. ECF No. 12 at 37–38.  Again, Plaintiff fails to establish that the ALJ did not rely on substantial evidence when making his conclusion that Plaintiff did not have either an "extreme" or "marked limitation" of his mental functioning.  In order to make a finding of disability under Listing 12.04, Plaintiff must establish that he has one extreme limitation or two marked limitations of the listed areas of mental functioning.  An extreme limitation is defined as the inability to function independently, appropriately, or effectively, and on a sustained basis.  A marked limitation means functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited.  In his brief, Plaintiff merely restates the elements under Listing 12.04 and reiterates his subjective interpretation of his depression without significant medical evidence for support. ECF No. 12 at 38.  This argument is not sufficient to demonstrate that Plaintiff is disabled under Listing 12.04.

Plaintiff claims that records from his treating psychiatrist, Dr. Klebanov, from June 2, 2015 to June 19, 2015 demonstrate treatment for a major depressive disorder with recurrent episodes. Id. at 37.  What Plaintiff leaves out, and what the ALJ considered, was Plaintiff's response to medication and treatment.  The ALJ evaluated each of Plaintiff's symptoms—memory loss, depression, inability to interact socially, and lack of concentration—and found that none of them met the definition of an extreme or marked limitation.  Tr. at 499–501.  In doing so, the ALJ considered the breadth of the objective medical evidence and discussed the timeline of Plaintiff's symptoms in making his determination.  Thus, the Court finds that the decision of the ALJ was supported by substantial evidence on this point.

<u>The ALJ Considered Plaintiff's Adhesive Capsulitis and RSD</u>

Plaintiff next claims that the ALJ failed to discuss and properly evaluate Plaintiff's adhesive capsulitis of the right shoulder and RSD, and their effects on his ability to perform

9

substantial gainful activity, requesting remand on this point. ECF No. 12 at 34. Plaintiff further argues that the ALJ failed to follow Social Security Ruling ("SSR") 03-02p's guidelines for evaluating RSD when he found that the objective medical evidence fails to support the claimant's allegations of complete disability. The Court disagrees.

The ALJ specifically considered Plaintiff's adhesive capsulitis and RSD in his conclusion on Plaintiff's RFC. *See* Tr. at 503 ("Due to his severe physical impairments, including degenerative disc disease, as well as RSD and impairments of the right hand, right wrist, right shoulder and right elbow, the claimant is limited to light exertional work."). The ALJ also discussed Plaintiff's right shoulder impairments and explicitly his adhesive capsulitis. *See* Tr. at 498–99.

Plaintiff's contention that the ALJ's finding that the objective medical evidence does not support a finding of complete disability is incorrect. Plaintiff argues that his claims of intensity, persistence and limiting effects were supported by objective medical evidence. ECF No. 12 at 40. A claimant's statements about his pain or symptoms, however, cannot alone establish that he is disabled. 20 C.F.R. § 404.1529(a). Instead, to evaluate credibility, an ALJ considers the extent to which the self-reported symptoms "can reasonably be accepted as consistent with the objective medical evidence and other evidence." Id. SSR 03-02p states that, "whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." The Social Security Administration defines "objective medical evidence" as "evidence that provides signs or laboratory findings" which are made by "medically acceptable clinical diagnostic techniques that can be observed apart from an individual's symptoms." SSR 16-3p. If the ALJ finds the claimant's subjective complaints inconsistent with the objective

medical evidence, the ALJ may discount the complaints. 20 CFR § 404.1529(c)(4). Thus, "it is particularly inappropriate to second guess such credibility determinations" under the deferential substantial evidence standard of review applied to ALJ disability determinations. *Vanord v. Colvin*, No. 13-27, 2014 WL 585413, at *2 (W.D. Pa. Feb. 14, 2014).

Plaintiff provides little support for the claim that the objective medical evidence proves his claims of the intensity, persistence, and limiting effects of his impairments and thus a finding of disability. Plaintiff makes the conclusory statement that "[t]he reason for plaintiff's severe radicular neck pain, severe lumbar pain, right foot and hand pain is clearly supported by the objective findings, i.e., MRI, x-rays, and clinical examinations" without pointing to any specific objective medical evidence to support his conclusion. ECF No. 12 at 40. Plaintiff also states that his orthopedist noted that he "continues to complain of the same symptoms in the right upper extremity, including numbness and swelling." Id. The ALJ acknowledged these complaints, but found they were not entirely consistent the record. *See, e.g.*, Tr. at 496 ("At a July 13, 2012 follow-up with spinal surgery specialist Ramil Bhatnagar, M.D., he reported 'doing pretty well' and that his 'upper extremity symptomatology seems to be gone.' He also reported he 'noticed that his RSD in his right leg has improved.'").

Relatedly, Plaintiff mischaracterizes the Functional Capacity Evaluation when he claims he has "permanent restrictions." Id. Plaintiff does not elaborate which "permanent restrictions" he is referring to and how that demonstrates that the ALJ failed to rely on substantial evidence. The ALJ considered the Functional Capacity Evaluation when making his determination, which supports a finding that the ALJ's holding was supported by substantial evidence. Moreover, Plaintiff erroneously summarizes the ALJ's finding by claiming that the "ALJ's conclusion that there was *no objective evidence* is, therefore, in error." Id. at 41 (emphasis added). However, the ALJ simply found, taking into account the entire record, that the objective medical evidence did

11

not support Plaintiff's claims that his impairments rose to the level of disability in accordance with the requirements of SSR 03-2p. Tr. at 503.

### The ALJ Did Not Err in Posing Hypothetical Questions

Lastly, Plaintiff alleges that the ALJ erred in misinterpreting the vocational expert's responses to hypothetical questions and by failing to include all of Plaintiff's physical and mental limitations in his questions. It is well-established "that the hypotheticals posed [to a vocational expert] must 'accurately portray' the claimant's impairments. . . . Fairly understood, such references to *all* impairments encompass only those that are medically established." *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). The ALJ explained the reasoning behind his finding of Plaintiff's capacity for light work, which included extensive analysis of the objective medical evidence of Plaintiff's physical and mental impairments. Tr. at 494–503. Notably, the ALJ incorporated limitations into Plaintiff's RFC based upon his physical and mental impairments. Id. at 494 (The ALJ's RFC reflected Plaintiff's physical limitations, including among things, that Plaintiff should never climb ladders or crawl, and should only reach overhead occasionally, and also reflected Plaintiff's mental limitations, finding that Plaintiff can have only occasional contact with supervisors, coworkers, and the public, and that he is limited to simple and routine tasks.). The ALJ then relied on that reasoning to determine Plaintiff's RFC and posed the hypothetical questions to the vocational expert based on that. Id. at 593–94. Thus, the ALJ's hypothetical questions to the vocational expert contained all of the physical and mental impairments which were supported by objective medical evidence and were properly constructed by the ALJ.

In response to the hypothetical questions posed, the vocational expert determined that there are approximately 79,000 jobs available in the national economy that Plaintiff could work. Plaintiff argues that there are not a significant number of jobs in Northern New Jersey, and, thus,

he is disabled. ECF No. 12 at 44–45. This argument misunderstands the applicable regulations. Under 20 C.F.R. §§ 404.1566(b), 416.966(b), Plaintiff is not disabled if there are a significant number of jobs in the national economy which meet Plaintiff's physical or mental abilities and vocational qualifications. The regulation states, in relevant part that "[i]t does not matter whether . . . [w]ork exists in the immediate area in which you live…" 20 C.F.R. §§ 404.1566(a)(1), 416.966(a)(1). Plaintiff errs by arguing that there are only a limited number of relevant jobs in Northern New Jersey. The vocational expert's testimony concerned how many jobs are in the national economy, which is the relevant inquiry. The vocational expert determined that Plaintiff could perform the work of office helper, mail sorter, and photocopy machine operator, of which there are a total of approximately 79,000 jobs in the national economy. Tr. at 594. As a result, the ALJ found that Plaintiff could perform a significant number of jobs in the national economy and thus, was not disabled. Id. at 504–05. Accordingly, the ALJ's determination that Plaintiff is not disabled due to the fact there are a significant number of jobs in the national economy is supported by substantial evidence.

## CONCLUSION

For the reasons stated above, the ALJ's decision is hereby affirmed. An appropriate Order accompanies this Opinion.

**DATE**: May 28, 2021

**CLAIRE C. CECCHI, U.S.D.J.**